UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAYSAMONE NANTHAVONG,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., et al.,<br><br>Defendants. | No. 2:23-cv-02670-DJC-DB<br><br><br><br>**ORDER** |

    This action was originally filed in San Joaquin County Superior Court but was subsequently removed to federal court by Defendants on the basis of federal question jurisdiction. Plaintiff has filed a Motion to Remand this action back to the state court, while Defendants have filed a Motion to Dismiss each of the cause of actions stated in Plaintiff's complaint.

    On February 1, 2024, the Court heard oral argument on both motions. (*See* ECF No. 21.) Alieu Iscandari appeared for Plaintiff Nanthavong. Michelle Duncan appeared for Defendants. The Court denied the motion to remand, ruling that the complaint stated a federal question on its face, exercise of supplemental jurisdiction was appropriate, and state law claims did not substantially predominate over the federal law claim. The Court took the Motion to Dismiss under submission, which it now grants in part and denies in part for the reasons stated in this Order.

## BACKGROUND

### I.     Factual Allegations in the Complaint

In the Complaint, Plaintiff alleges that she suffered numerous instances of gender-based discrimination and compensation inequality during the course of her employment with Defendant United Parcel Service, Inc. ("UPS").  (Compl. (ECF No. 1-3) ¶ 18.)  Specifically, she claims that in 2018 she raised concerns about equal pay and faced "subsequent demotion and ill-treatment for raising issues against her male colleagues" in addition to being placed on leave.  (*Id.* ¶ 19)  Plaintiff was later promoted but discovered "pay discrepancies" between herself and another employee promoted at around the same time.  (*Id.* ¶ 20.)  Plaintiff "unsuccessfully sought legal assistance" and "her superiors allegedly mistreated her, sending her to various buildings around the Bay Area and engaging in verbal abuse."  (*Id.*)

Plaintiff claims that she later faced further "troubling events" when she was "coerced into signing uncertain documentation, . . . subjected to security questioning, and . . . denied pay raises bonuses for two years."  (*Id.* ¶ 21)  Plaintiff also alleges she experienced "confrontations and hostile behavior" from her superiors and experienced "unauthorized vacation cancellation".  (*Id.* ¶¶ 22–23.)  At an unstated date, Plaintiff also had an "assailant" enter her truck with a knife but was subsequently instructed to complete her route.  (*Id.* ¶ 23.)

In December 2020, Plaintiff was placed on a leave of absence by District Manager Marvin Hanson after Plaintiff was accused of "bringing Covid to the office."  (*Id.* ¶ 27.)  While on leave, Plaintiff's position was filed and when she returned from leave "she was moved to a different building with her raise removed."  (*Id.* ¶ 28.)  Plaintiff subsequently had "heated arguments" with Senior Manager Justin Minor.  (*Id.*)  After that date, Plaintiff has faced ongoing "pay discrepancies" such as Plaintiff not receiving "her MIP pay" while other employees did.  (*Id.* ¶¶ 29–31.)  On August 31, 2023, Plaintiff was informed "that her position was being eliminated for lack of business."  (*Id.* ¶ 33.)

## II. Procedural Background

The present action was originally filed in San Joaquin County Superior Court on September 12, 2023. After Defendants were served with the Complaint, they removed it to this Court on November 15, 2023, and filed an answer on November 22, 2023. On December 11, 2023, Plaintiff filed a Motion to Remand the action back to San Joaquin County Superior Court.[1] (Pl's Mot. to Remand (ECF No. 5).) Shortly thereafter on December 18, 2023, Defendants filed a Motion to Dismiss (Def's Mot. to Dismiss (ECF No. 6)) which Plaintiff has opposed.

## MOTION TO DISMISS

Defendants seek to dismiss individual claims from Plaintiff's Complaint on a number of separate grounds. The Complaint contains seven causes of action: (1) wrongful termination in violation of public policy, (2) retaliation in violation of Government Code §12940(h); Labor Code Section 1102.5, (3) breach of contract, (4) intentional infliction of emotional distress, (5) harassment, (6) "OSHA violation", and (7) violation of the Equal Pay Act of the Fair Labor Standards Act ("FLSA"). (*See* Compl.) Defendants' motion raises arguments that address each of these claims in various groups. Each of Defendants' grounds for dismissing claims will be addressed in turn.

## I. Legal Standard

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City and Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v.*

---

[1] As noted above, the Court denied this Motion to Remand via an oral ruling at the February 1, 2024 motion hearing.

*Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)).  If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678.  In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

**II.    Discussion**

    **A.  Retaliation Claims (Cause of Action Two and Six)**

Defendants argue that Plaintiff has failed to state claims predicated on retaliation in cause of action two and six as Plaintiff has failed to allege that she engaged in a protected activity and that she faced adverse employment action from Defendants.  (Defs' Mot. to Dismiss at 5–6.)  Both parties agree that these claims require allegations Plaintiff was engaged in a protected activity and that she faced adverse employment action in retaliation.  (*Id.*; Pl's Opp'n to Mot. to Dismiss (ECF No. 12) at 4–5.)  This is also consistent with what other courts have also required for such claims.  *See Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 911 (E.D. Cal. 2017); *Frazier v. United Parcel Service, Inc.*, No. 1:02-cv-6509-OWW-DLB, 2005 WL 1335245, at *11 (E.D. Cal. May 3, 2005).

Looking to the Complaint, Plaintiff does appear to have alleged adverse employment actions including being demoted and placed on leave by Defendants. (Compl. ¶ 19.)  However, it does not appear that Plaintiff has clearly alleged that she was engaged in any protected activity.  In her opposition, Plaintiff appears to acknowledge that there is not an explicit statement within the Complaint that indicates

she was engaged in a protected activity.  Plaintiff argues that this requirement is satisfied by "Plaintiff's reference to the attack incident" as this "subtly implies that she was trying to draw attention to a significant safety concern that was inadequately addressed." (Pl's Opp'n to Mot. to Dismiss at 5.)  Plaintiff also argues that her actions "aim[] to improve or challenge the working conditions or policies[,]" and that this can be considered a protected activity. (*Id.*)  In support, Plaintiff cites to *Burlington N. & S. F. R. Co. v. White*, 548 U.S. 53, 61-62 (2006), but this case does not clearly stand for this proposition.  It is also based on Title VII claims and Plaintiff has not brought any such claims.

Even taking as true Plaintiff's argument that acts intended to improve or working conditions or challenge policies can be considered protected activities, the allegations in the Complaint are insufficient.  Plaintiff's only apparent allegations related to the "attack incident" referenced above are that during her employment, there was "an alarming incident where an assailant with a knife entered her truck", that afterward she was instructed to complete her route, and that following the incident Defendants did not provide her "support and consideration" but instead scheduled her on the same route and "insist[ed] on her appearance at work despite physical injuries." (Compl. ¶ 23.)  There is no indication in the Complaint that Plaintiff attempted to take any action related to this incident, let alone any action that could be considered a protected activity. (*See* Compl.)  As such, Plaintiff has failed to allege sufficient facts in the Complaint to state a retaliation claim.

Accordingly, Defendants' Motion to Dismiss will be granted as to cause of action two and six.  As amendment does not appear futile, Plaintiff will be given leave to file an amended complaint.

**B. Breach of Contract (Cause of Action Three)**

Defendants move to dismiss cause of action three on the grounds that Plaintiff was an at-will employee and has failed to establish the existence of an employment contract on which to state a breach of contract claim. (Defs' Mot. to Dismiss at 6–7.)

Plaintiff argues that under California law an at-will employee can be found to have an employment contract. (Pl's Opp'n to Mot. to Dismiss at 6–7.)

Plaintiff is correct that in some circumstances California courts have found that an enforceable employment contract existed despite the employee being otherwise hired as an "at-will" employee – though an express at-will employment agreement generally precludes such claims. *See Foley v. Integrated Data Corp.*, 47 Cal. 3d 654, 388 (1988); *Agosta v. Astor*, 120 Cal. App. 4th 596, 604 (2004); *Reid v. SmithKline Beecham Corp.*, 366 F. Supp. 2d 989, 994 (S.D. Cal. 2005). However, the Complaint contains no factual allegation that establishes or even hints at the existence of any relevant document that could be construed as an implied contract.

In her opposition, Plaintiff argues that the allegation in the Complaint that Plaintiff received "several paystubs" from Defendants should be considered sufficient to establish "the clear relationship of employer-employee which is in itself a form of contractual agreement." (Pl's Opp'n to Mot. to Dismiss at 6.) Plaintiff provides no citation to support this proposition and the Court knows of no case that has held that standard paystubs can serve to establish a contract between the employer and employee. Such a rule would effectively serve to eliminate or severely undermine the existence of at-will employment in California. Absent persuasive legal authority on this point, the Court is not inclined to find the existence of an implied contract based solely on the allegation that Plaintiff received "several paystubs" from Defendants. This alone is insufficient to establish the existence of a contract.

Plaintiff has not alleged sufficient facts to state a breach of contract claim and Defendants' motion will be granted as to this claim. As Plaintiff cannot claim the existence of a contract based solely on paystubs, leave to amend will not be granted on this theory as amendment on this point would be futile. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). However, to the extent that Plaintiff can state a separate basis for the existence of a contract, Plaintiff may do so in an amended complaint.

### C. Intentional Infliction of Emotional Distress (Cause of Action Four)

Defendants argue that the Complaint does not allege facts that establish that Defendants conduct is sufficiently "outrageous" to support a claim for Intentional Infliction of Emotional Distress ("IIED") and that such a claim would be barred under the Worker's Compensation Exclusivity Doctrine. (Defs' Mot. to Dismiss at 7-8.) However, the Court cannot presently reach these questions as the Complaint appears to contain a substantial drafting error as to Plaintiff's IIED claim that prevents the Court from determining the exact scope and nature of Plaintiff's claim. Specifically, the Complaint contains what appear to be references to another case involving hospital staff and working conditions within a hospital. (Compl. ¶¶ 53-54.) It is not immediately apparent if this affects the entire section related to this claim or if this issue is contained to only a few paragraphs. As such, the Court will dismiss this claim with leave to amend as it is impossible to discern at this time whether Plaintiff states a claim, or if Plaintiff's claims are barred in this instance, when the exact nature and scope of Plaintiff's claim are unclear.

### D. Exhaustion of FEHA Claims (Cause of Action Two, Five, and Six)

Defendants move to dismiss Plaintiff's Fair Employment and Housing Act ("FEHA") claims, which include her harassment claim (cause of action five) and her retaliation claims (cause of action two and six), on the basis that Plaintiff failed to properly exhaust these claims as required. (Defs' Mot. to Dismiss at 8-9.) While Plaintiff claimed that these claims were exhausted, Defendants argue that the alleged basis for exhaustion, charges filed with the Civil Rights Department ("CRD"), was insufficient as the CRD complaint failed to satisfy the factors stated in *Freeman v. Oakland Unified School Dist.*, 291 F.3d 632, 636 (9th Cir. 2002), for determining if claims are exhausted. (Defs' Mot. to Dismiss at 8-9.) In response, Plaintiff argues that

her CRD complaints satisfy the exhaustion requirement as all she had to do was "check the box" on the CRD form.[2] (Pl's Opp'n to Mot. to Dismiss at 11–12.)

A plaintiff must first exhaust administrative remedies before filing an action based on allegations of harassment or retaliation under FEHA. *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001); *Portnoy v. Veolia Transp. Services, Inc.*, 489 Fed. Appx. 228, 229 (9th Cir. 2013). An employee can exhaust administrative remedies by "filing a written charge with [CRD] within one year of the alleged unlawful employment discrimination, and obtaining notice from [CRD] of the right to sue." *Rodriguez*, 265 F.3d at 896; *see Blum v. Superior Court*, 141 Cal. App. 4th 418, 422 (2006). The written charges filed with the CRD "define[] the permissible scope of the subsequent civil action. *Rodriguez*, 265 F.3d at 897; *see Chew v. City and County of San Francisco*, 714 Fed. Appx. 687, 690 (9th Cir. 2017). "[A] civil action may not include different alleged acts of discrimination or retaliation 'unless the new claims are like or reasonably related to the allegations contained . . .'" to the administrative charges presented to the DFEH. *Chew*, 714 Fed. Appx. at 690.

Here, Plaintiff filed two complaints. The first was filed with the CRD on October 7, 2022. (October 7, 2022 CRD Complaint (ECF No. 1-3 at 22) at 1.) This complaint includes claims of harassment based on "race, ancestry, national origin (includes language restrictions), color, sex/gender, gender identity or expression, sexual orientation, genetic information or characteristic, disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over), other, sexual harassment-hostile environment, sexual harassment- quid pro quo, association with a member of a protected class, family care or medical leave (cfra), pregnancy, childbirth, breast feeding, and/or related medical conditions." (*Id.* at 1.) It also claims Plaintiff experienced retaliation because Plaintiff "reported or resisted any form of

---

[2] The Civil Rights Department ("CRD") appears to be the successor agency to the Department of Fair Employment and Housing ("DFEH"). See https://calcivilrights.ca.gov/aboutcrd/. At the time of filing this complaint, CRD was still referred to as "Department of Fair Employment and Housing" which is the name used in Plaintiff's opposition, but for simplicity, the Court will refer to both as CRD.

discrimination or harassment, requested or used a pregnancy-disability-related accommodation, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint, requested or used family care or medical leave." (*Id.* at 2.) However, it lacks any factual allegations or information related to these allegations. (*See id.*)

The second complaint, filed with the CRD on September 12, 2023, states claims of harassment based on "ancestry, national origin (includes language restrictions), sex/gender, gender identity or expression, age (40 and over) . . . association with a member of a protected class, [and] disability (physical, intellectual/developmental, mental health/psychiatric)" as well as sexual harassment and retaliation due to Plaintiff's "report[ing] or resist[ing] any form of discrimination or harassment, request[ing] or us[ing] a disability-related accommodation, [and] participat[ing] as a witness in a discrimination or harassment complaint." (September 12, 2023 CRD Complaint (ECF No. 1-3 at 26) at 1.) Crucially, this later complaint before the CRD also provides additional factual details, identifies Defendant Justin Minor, notes him as the main source of harassment and discrimination based on her gender and sex, and gives at least some indication that Plaintiff had reported concerns to management and received what she at least perceived to be retaliation in response. (*Id.* at 2)

Read liberally, these charges are reasonably related to the discrimination and retaliation causes of action stated in the Complaint. Cause of action two states a claim of retaliation "for disclosing information … to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance" based on Plaintiff's prior harassment and discrimination. (Compl. ¶¶ 38–39.) This appears at least reasonably related to the claims raised in Plaintiff's in the later CRD complaint that she faced harassment for "reporting . . . any form of discrimination or harassment." Plaintiff's other retaliation claim, cause of action six, seems reasonably related on similar grounds. Plaintiff's other FEHA claim for harassment in cause of action five also seems clearly raised in

both CRD complaints. Plaintiff's present cause of action for harassment is stated to be based on her race and gender, bases that are clearly raised in both complaints. (*See* October 7, 2022 CRD Complaint at 1; September 12, 2023 CRD Complaint at 1.) In response to at least the September 12, 2023 CRD complaint, Plaintiff received a "Right to Sue" notice from the CRD. (*See* Right to Sue Notice (ECF No. 1-3 at 25).)

Defendants argue that Plaintiff's CRD complaints are insufficient as they do not provide enough information to satisfy the exhaustion requirement. (Defs' Mot. to Dismiss at 8–9.) However, the charges and allegations brought in the later September 12, 2023 CRD complaint appear at least minimally sufficient to satisfy the requirements noted in *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) ("In determining whether the exhaustion requirement has been satisfied, 'it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred.'"). This is not a case like *Chew v. City and County of San Francisco* where the stated basis for each of plaintiff's claims was only listed as "other" and the plaintiff failed to identify important factual issues. *See Chew*, 714 Fed. Appx. at 690. The Court is required to construe the exhausting charged with the "utmost liberality" and, in that context, the September 12, 2023 CRD complaint appears to provide sufficient notice to adequately exhaust Plaintiff's administrative remedies. *See id.* at 690 n.3.

Defendants' motion also discusses a prior finding by a district court in the Northern District of California that Plaintiff's claims had not been exhausted. This finding occurred in a class action in which Plaintiff was a named plaintiff ("the *Goins* action"). (Defs' Mot. to Dismiss at 9.) However, it appears this order was issued on December 13, 2022, prior to the September 12, 2023 CRD complaint being filed by Plaintiff. (*Id.*) Thus, the ruling of the court in that matter is not dispositive as it was made prior to the later exhaustion of Plaintiff's claims in the CRD complaint.

Accordingly, Defendants' Motion to Dismiss causes of action two, five, and six for failure to exhaust is denied.³

### E. Equal Pay Act Claim (Cause of Action Seven)

Defendants argue that Plaintiff's seventh cause of action should be dismissed as Plaintiff has failed to allege that Plaintiff's work occurred at the "same establishment" as the opposite-sex comparators or any facts about the work for which she was underpaid and how that work was similar to the work performed by men. (Defs' Mot. to Dismiss at 9.)

In amending the FLSA, the Equal Pay Act prevented pay discrimination between employees at the same "establishment". 29 U.S.C. § 206(d)(1). This has been read to mean that Equal Pay Act claims have a "single establishment" requirement, requiring that the alleged discrimination at issue in such a claim be discrimination in the payment of wages between employees "within a single establishment[.]" *Bartlet v. Berlitz School of Language of America, Inc.*, 698 F.2d 1003, 1005 (9th Cir. 1983).

The Complaint contains no allegations regarding that Plaintiff was paid different similarly qualified individuals doing the same job at the *same establishment*.⁴ As such, the Complaint fails to meet the requirements to state an Equal Pay Act claim and Defendants' Motion to Dismiss will be granted as to this claim. Plaintiff will be given leave to amend.

////

////

---

³ As noted above, Defendants' Motion to Dismiss is granted as to Plaintiff's retaliation claims (cause of action two and six). While Defendants' motion to dismiss the retaliation claim will be denied on the basis of exhaustion, it will still be granted on the prior stated basis.

⁴ The single establishment requirement does not require that Plaintiff make allegations related to a single building. Even geographically separate offices in the same organization can be considered a single establishment for purposes of this requirement. *See e.g., Davis v. Inmar, Inc.*, No. 21-cv-03779-SBA, 2022 WL 3722122, at *4 n.2 (N.D. Cal. Aug. 29, 2022). However, the Complaint fails to include any allegations that could establish that the male counterparts are working within the same establishment for purposes of the Equal Pay Act. (*See* Compl.)

### F. Wrongful Termination Claim (Cause of Action One)

Defendants move to dismiss Plaintiff's wrongful termination claim on the grounds that it is a derivative claim and all Plaintiff's other claims fail. However, as stated above, the Court will only partially grant Defendants' motion. As such, some claims remain and Plaintiff's wrongful termination claim, as a derivative claim, survives.

Defendants' Motion to Dismiss will be denied as to Plaintiff's wrongful termination claim.

### CONCLUSION

For the reasons stated, it is hereby ordered that:

1. Defendants' Motion to Dismiss (ECF No. 6) is GRANTED in part and DENIED in part.
2. Defendant's motion is granted as to Plaintiff's cause of action two, three, four, six, and seven; Defendant's motion is denied as to Plaintiff's cause of action one (wrongful termination) and five (harassment).
3. If Plaintiff wishes to file an amended complaint, she must do so within twenty-one days of this order. If Plaintiff chooses not to amend and to proceed only on her remaining claims, Plaintiff must file a notice informing the Court that she wishes to proceed on the claims that remain from her Complaint by that same date.

IT IS SO ORDERED.

Dated:  **February 14, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – Nanthavong2302670.mtd