UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAYSAMONE NANTHAVONG, | No. 2:23-cv-02670-DJC-DB |
| Plaintiff, | |
| v. | **ORDER** |
| UNITED PARCEL SERVICE, INC., et al., | |
| Defendants. | |

This action was originally filed in San Joaquin County Superior Court but was subsequently removed to federal court by Defendants on the basis of federal question jurisdiction. The Court previously partially granted a motion to dismiss Plaintiff's claims with leave to amend, and Plaintiff has since filed a First Amended Complaint ("FAC"). (ECF No. 27.) Defendants UPS and Minor have now filed separate Motions to Dismiss which are fully briefed. (*See* Def. UPS's Mot.; Def. Minor's Mot.; Pl.'s Opp'n to Def. UPS's Mot. (ECF No. 42); Pl.'s Opp'n to Def. Minor's Mot. (ECF No. 43); Def. UPS's Reply (ECF No. 44); Def. Minor's Reply (ECF No. 47).

For the reasons stated below, the Court will grant in part Defendant UPS's Motion to Dismiss and remand this action back to the state court.

////

////

# BACKGROUND

## I. Factual Allegations in the Complaint

In the FAC, Plaintiff Sasamone Nanthavong alleges that she suffered gender-based discrimination and compensation inequality during her employment with Defendant United Parcel Service, Inc. ("UPS"). (FAC ¶ 18.) Plaintiff states that she was promoted to "On Role Supervisor" in October 2018 and later took a pay reduction to move to a facility in Ceres, California. (*Id.* ¶ 20.) Plaintiff alleges that she experienced "a series of troubling events" in which she was "coerced into signing uncertain documentation, . . . subjected to security questioning, and . . . denied pay raises and bonuses for two years." (*Id.* ¶ 21.) Plaintiff was also subject to frequent relocations and received less pay than others after she was placed on medical leave between May and August 2020. (*Id.* ¶¶ 20–21, 25.)

On or about May 13, 2020, Plaintiff was allegedly called into work while on vacation and, during her route, was attacked by a man with a knife. (*Id.* ¶¶ 39–40.) After she escaped, "Plaintiff was instructed to finish her route and not make a report to the police." (*Id.* ¶ 41.) Plaintiff filed a police report on May 15, 2020, and later went to Kaiser Hospital on May 17, 2020, where she was placed on medical leave until August 2020. (*Id.* ¶¶ 42–43.)

After Plaintiff returned to work in August, she was assigned to the Stockton UPS Facility and faced harassment by a driver employed by Defendant UPS. (*Id.* ¶ 45.) On December 22, 2020, Plaintiff was informed by managers working for Defendant UPS that she would be placed on a leave of absence. (*Id.* ¶ 46.) Two days later, Plaintiff claims she called the "UPS Discrimination Hotline" but did not receive a response. (*Id.* ¶ 47.) Plaintiff remained on paid leave between December 2020 and March 2021. (*Id.* ¶ 28.) Plaintiff claims that when she returned, her prior position was filled and "she was moved to a different building with her raise removed." (*Id.*) On undisclosed dates, she engaged in "heated arguments" with Defendant Justin Minor, a Senior Manager for Defendant UPS. (*Id.*)

In March 2022, Plaintiff did not receive "her MIP pay" which included pay raises. (*Id.* ¶ 30.) On August 31, 2023, Defendant UPS terminated Plaintiff's employment. (*Id.* ¶¶ 33, 58.)

## MOTIONS TO DISMISS

### I.  Legal Standard

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City and Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)).  If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678.  In the same vein, conclusory or formulaic recitations of elements do not alone suffice.  *Id.* (citing *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense."  *Id.* at 679.

### II.  Discussion

Defendants have separately moved to dismiss all of Plaintiff's claims with the exception of Plaintiff's Fair Employment and Housing Act Harassment claim against Defendant UPS.  This includes Plaintiff's Seventh Cause of Action, his sole federal

claim. Given that the Court previously dismissed this claim and that this action will necessarily survive Defendants' motions due to Plaintiff's remaining Harassment claim, the Court will first consider whether to grant Defendant UPS's Motion as to Plaintiff's Seventh Cause of Action and whether leave to amend is warranted as to that claim, as the dismissal of that claim without leave to amend will necessitate remand of this action.

### a. Defendant UPS's Motion to Dismiss Plaintiff's Equal Pay Act Claim

Defendant's Motion to Dismiss is granted as to Plaintiff's Equal Pay Act ("EPA") claim as Plaintiff has failed to allege sufficient facts to state a claim. The test for whether Plaintiff has established a prima facie case for a violation of the EPA is "whether the plaintiff is receiving lower wages than the average of wages paid to all employees of the opposite sex performing substantially equal work and similarly situated with respect to any other factors, such as seniority, that affect the wage scale." *Hein v. Oregon Coll. Of Educ.*, 718 F.2d 910, 916 (9th Cir. 1983). These allegations must also satisfy the "single establishment" requirement by establishing a discrimination in the payment of wages between employees "within a single establishment[.]" *Bartlet v. Berlitz School of Language of America, Inc.*, 698 F.2d 1003, 1005 (9th Cir. 1983).

The Court previously dismissed this claim as Plaintiff had not alleged she was paid differently than similarly qualified individuals doing the same job at the same establishment. The FAC contains some additional allegations regarding the pay differences between Plaintiff and other employees. Specifically, Plaintiff alleges that she was paid less than another male employee at the same establishment despite the male employee having "the same position as [P]laintiff" and being promoted to that position later. (FAC ¶ 131–32.) Plaintiff also includes what appears to be a separate allegation that another male employee, Alfonso Ramirez, in the same position and location was making a higher wage despite being promoted at the same time. (FAC ¶ 130.) Notably absent however, are any allegations establishing the similarly situated

nature of Plaintiff and the two male comparators.  Plaintiff only states that these two fellow employees had "the same position" and alleges that one was promoted at the same time as her and that one was promoted at a later date.  She does not allege that these fellow employees were performing roles that required the same skill, effort, and responsibility under similar working conditions, instead relying solely on the time of their promotion and their title.

Plaintiff cannot state an EPA claim simply based on an alleged difference in pay from two other male counterparts simply because they hold the same title.  Courts have been clear that to state a prima facie EPA claim a plaintiff must be able to allege that she was receiving lower compensation than similarly qualified individuals in the same establishment who are in roles that require the same skill, effort, and responsibility and that are performed under similar working conditions.  *See Hein*, 718 F.2d at 916; *see also Goins*, 2023 WL 3047388, at *13; *Werner v. Advance Newhouse P'ship, LLC*, No. 1:13–cv–01259–LJO–JLT, 2013 WL 4487475, at *5 (E.D. Cal. Aug 19, 2013) (dismissing EPA claim where Plaintiff had not sufficiently alleged that male counterparts were in jobs that involved similar skill, effort, and responsibilities as well as being performed under similar working conditions); *Davis v. Inmar, Inc.*, No. 21-cv-03779-SBA, 2022 WL 3722122, at *5 (N.D. Cal. Aug. 29, 2022) (granting motion to dismiss EPA claims where the plaintiff failed to allege that her single male comparator's roles "required substantially equal skill, effort, and responsibility, and were performed under similar working conditions").  While Plaintiff has now alleged she was paid less than some male employees at the same establishment, she has not alleged any facts that establish these male employees were performing similar roles to her besides the fact that both she and the male employees had the same title.  This fact is insufficient as it fails to establish that Plaintiff had similar responsibility and experience to her male comparators.  *See EEOC v. Maricopa Cnty. Cmty. Coll. Dist.*, 736 F.2d 510, 513 (9th Cir. 1984).

////

As such, Defendant UPS's Motion to Dismiss Seventh Cause of Action is granted.

### b. Leave to Amend

The Court does not grant Plaintiff leave to amend her claim under the EPA. "In general, leave to amend is only denied if it is clear that amendment would be futile and that the deficiencies of the complaint could not be cured by amendment." *Cabo Distrib. Co. v. Brady*, 821 F. Supp. 601, 608 (N.D. Cal. Oct. 22, 1992) (internal citations and quotations omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend ... unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citation omitted)).

Here, it is apparent that amendment would be futile. The Court previously granted leave to amend this claim and explained what allegations were required to state a claim under the EPA, but as noted above, Plaintiff was unsuccessful in stating a claim in amending the complaint. Moreover, this is not the first time Plaintiff has had these claims dismissed. As noted by Defendant UPS, Plaintiff was previously involved in another action raising similar claims in which she also used Mr. Ramirez as a male comparator. *See Goins v. United Parcel Service Inc.*, No. 21-cv-08722-PJH, 2023 WL 3047388, at *13 (N.D. Cal. Apr. 20, 2023). The district court in the *Goins* action specifically highlighted the same issues with Plaintiff's EPA claim noted above. *Goins*, 2023 WL 3047388, at *13 ("Nanthavong . . . falls short of stating a claim because she held different job duties than the man she identifies for comparison. The SAC acknowledges that the man paid more than her, Alfonso Ramirez, held additional responsibility . . . . Such differential responsibility and differential pay do not violate equal pay principles.") Despite the fact that Plaintiff was clearly made aware of the deficiency of the claims as presented before this Court, Plaintiff has still failed to allege sufficient facts to satisfy the requirements to state a claim under the EPA.

////

Accordingly, the Court does not grant Plaintiff leave to amend his Seventh Cause of Action as it is clear that amendment would be futile. *See Cabo Distrib.*, 821 F. Supp. at 608.

### c. Remand

Defendants originally removed this action to this Court with jurisdiction based on the federal question present in Plaintiff's claim under the EPA and with supplemental jurisdiction over the state law claims. (*See* ECF No. 1 at 3–4.) As the Court has now dismissed Plaintiff's Seventh Cause of Action, the EPA claim, without leave to amend, the Court lacks federal question jurisdiction over this action. Accordingly, the Court will remand this case back to the San Joaquin County Superior Court for further proceedings. *See Boyko v. Terveno, LP*, No. 15-cv-2088-JM (JLB); 2016 WL 308592, at *5 (S.D. Cal. Jan. 26, 2016) (remanding state law claims after dismissing the sole federal claim creating the basis for jurisdiction); *Mota v. Tri-City Healthcare Dist.*, No. 3:18-cv-02775-AJB-NLS, 2019 WL 1546953, at *2 (S.D. Cal. Apr. 5, 2019) (same); *Flores v. Countrywide Home Loans, Inc.*, No. 10-cv-1653-AHM (MANx), 2010 WL 5068905, at *1 (C.D. Cal. Dec. 3, 2010) (same). The remainder of Defendant UPS's Motion to Dismiss and the entirety of Defendant Minor's Motion to Dismiss will be denied as moot.

## CONCLUSION

For the reasons stated, it is hereby ordered that:

1. Defendant UPS's Motion to Dismiss (ECF No. 35) is GRANTED IN PART as to Plaintiff's Seventh Cause of Action.
2. Plaintiff's Seventh Cause of Action is dismissed without leave to amend for failure to state a claim and this action is remanded to the San Joaquin County Superior Court for further proceedings.
3. Defendant UPS's Motion to Dismiss (ECF No. 35) is DENIED IN PART AS MOOT.
4. Defendant Minor's Motion to Dismiss (ECF No. 38) is DENIED AS MOOT.

5. The Clerk of Court is directed to remand the case to the San Joaquin County Superior Court and close this case.

IT IS SO ORDERED.

Dated: __May 14, 2024__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – Nanthavong2302670.mtd(2)